UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MERIK WHIPPLE,<br><br>    Plaintiff,<br><br>v.<br><br>YVONNE BRANTLEY,<br><br>    Defendant. | Case No. 24-12088<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

### ORDER GRANTING PLAINTIFF'S MOTION
### FOR ALTERNATE SERVICE (ECF NO. 4)

Plaintiff Merik Whipple moves for alternate service of process upon Defendant Yvonne Brantley. ECF No. 4. The Honorable F. Kay Behm referred this motion to the undersigned under 28 U.S.C. § 636(b)(1). ECF No. 5.

Whipple states that in a similar 2024 case against Brantley, a process server made four attempts to serve her at her residence. ECF No. 4, PageID.25; *see Neilson v. Brantley*, Case No. 24-cv-10934-FKB-EAS. But all attempts failed. ECF No. 4, PageID.25. Whipple's motion is supported by an affidavit of that process server, detailing his attempts and stating his belief that Brantley "is purposefully avoiding service." ECF No. 4-2, PageID.32. Whipple seeks leave for alternative service by mail and tacking

the summons and complaint to the front door of Brantley's last known address. ECF No. 4, PageID.26.

Federal Rule of Civil Procedure 4 allows for service under the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Thus, a Court addressing proper means of service must consult service rules for Michigan. *Steele-El v. Valvoline Instant Oil Change*, 18-12277, 2019 WL 4640348, at *7 (E.D. Mich. Sept. 24, 2019). In Michigan, service on an individual may be accomplished by:

(1) delivering a summons and a copy of the complaint to the defendant personally; or
(2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A). If a party shows that "service of process cannot reasonably be made as provided by [these rules]," the Court may permit service of process "in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(J)(1).

Whipple shows that there were several unsuccessful attempts to serve Brantley via process server in another case. As required by Rule 2.105(J)(2), Whipple has requested this order in a verified motion setting

2

forth "sufficient facts" that service under the other provisions of Rule 2.105 cannot be made. *See also Moseley v. Regency Transportation, LLC*, 525 F. Supp. 3d 823, 825 (E.D. Mich. 2021) (granting alternate service when plaintiff showed "that service cannot be made by the prescribed means under Mich. Ct. R. 2.105(A).").  Thus, the Court **GRANTS** Whipple's motion for alternate service.  Alternative service may be effected by:

- Tacking or affixing, by a process server, of the summons, complaint, and this order at 2005 Fremont Street, Bay City, MI 48708;

- Mailing the same documents via certified mail return receipt to 2005 Fremont Street, Bay City, MI 48708; and,

- Mailing the same documents via first-class mail to 2005 Fremont Street, Bay City, MI 48708.

Whipple must effectuate service by **September 30, 2024**.

    **IT IS SO ORDERED.**

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: August 30, 2024

## **NOTICE TO PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 30, 2024.

                                          s/Julie Owens
                                          JULIE OWENS
                                          Case Manager