UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EVAN NEILSON, | Case No. Case No. 24-10934 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| YVONNE BRANTLEY, | Hon. Elizabeth A. Stafford |
| | U.S. Magistrate Judge |
| Defendants. | |
| _____ / | |

and

| | |
|---|---|
| MERIK WHIPPLE, | Case No. Case No. 24-12088 |
| Plaintiff, | Hon. F. Kay Behm |
| v. | United States District Judge |
| YVONNE BRANTLEY, | Hon. Elizabeth A. Stafford |
| | U.S. Magistrate Judge |
| Defendants. | |
| _____ / | |

**CONSOLIDATED OPINION AND ORDER ON PLAINTIFF'S
MOTIONS FOR DEFAULT JUDGMENT**

**I.   SUMMARY**

Before the court are Plaintiffs' motions for the court to enter default judgment for failure to defend and to hold a hearing to determine damages in two factually similar cases involving the same

1

defendant (*Nielson v. Brantley*, No. 24-10934, ECF No. 14; *Whipple v. Brantley*, No. 24-12088, ECF No. 17).

The court finds that oral argument will not aid the court in its decision pursuant to E.D. Mich. LR 7.1(f)(2), consolidates its opinion and order on both motions due to the common issues of fact and law, and **DENIES** the motions **WITHOUT PREJUDICE**.

## II.    FACTUAL BACKGROUND

Before entering possible default judgments or proceeding to a damages hearing for these cases, the first issue on these motions is whether service has been properly effectuated.

On August 29, 2024, Magistrate Judge Stafford granted Plaintiff Nielson's Motion for Alternative Service, and ordered that that service would be effected by:

- Tacking or affixing, by a process server, of the summons, complaint, and this order at 2005 Fremont Street, Bay City, MI 48708;

- Mailing the same documents via certified mail return receipt to 2005 Fremont Street, Bay City, MI 48708; and,

- Mailing the same documents via first-class mail to 2005 Fremont Street, Bay City, MI 48708.

*Nielson*, ECF No. 5.

Nielson subsequently submitted two filings showing proof of service: proof of mailing by "regular" mail (ECF No. 8) and proof of posting the summons at the Defendant Brantley's address (ECF No. 9). In October 2024, Nielson requested the clerk's entry of default, which was entered on October 24, 2024 (ECF No. 11).

Similarly, on August 30, 2024, Magistrate Judge Stafford granted Plaintiff Whipple's Motion for Alternative Service, and ordered that that service would be effected by:

- Tacking or affixing, by a process server, of the summons, complaint, and this order at 2005 Fremont Street, Bay City, MI 48708;

- Mailing the same documents via certified mail return receipt to 2005 Fremont Street, Bay City, MI 48708; and,

- Mailing the same documents via first-class mail to 2005 Fremont Street, Bay City, MI 48708.

*Whipple*, ECF No. 6.

Whipple similarly subsequently submitted two filings showing proof of service: proof of mailing by "regular" mail (ECF No. 9) and proof of posting the summons at the Defendant Brantley's address (ECF No. 10). In December 2024, Whipple requested the clerk's entry of default, which was entered on January 10, 2025 (ECF No. 14).

3

This court was not satisfied that service had been properly effected, consistent with the terms of the orders for alternate service, in particular whether Nielson or Whipple ever sent Brantley the summons and complaint "via certified mail return receipt to 2005 Fremont Street, Bay City, MI 48708" in addition to the other two methods of service, which appear to have satisfied the first and third methods of service. The court thus issued orders to show cause why the Clerk's entries of default should not be set aside (*Nielson*, ECF No. 12; *Whipple*, ECF No. 15).

In response to those orders to show cause, Plaintiffs argue that the "United States Postal Service attempted delivery of a copy of the summons and complaint via certified mail return receipt; however, Defendant refused to receive the package and the Postal Service left notice of the attempted delivery." *E.g.*, *Nielson*, ECF No. 10, PageID.51. As evidence of this, Plaintiffs point the court to screenshots of USPS tracking pages. *See Whipple*, ECF No. 16-1, PageID.62; *Nielson*, ECF No. 10-1, PageID.53. Plaintiffs thus asked the court to vacate its orders to show cause and moved for default judgment (*Nielson*, ECF No. 13, 14; *Whipple*, ECF No. 16, 17).

**III. ANALYSIS**

The court acknowledges that the physical "green card" is not the only method of proving attempted delivery by certified mail return receipt; the USPS offers electronic verification of return receipt through its certified mail system. In fairness, both tracking pages provided by Plaintiffs indicate that there was "Notice Left (No Authorized Recipient Available)" at a particular date and time. *Nielson*, ECF No. 10-1, PageID.53; *Whipple*, ECF No. 16-1, PageID.63. However, the court, unfortunately, disagrees that the USPS tracking pages were sufficient proof of alternate service by certified mail, because they do not indicate that the item was sent by certified mail or the address they were sent to. *See id.* The USPS offers electronic delivery confirmation with its certified mail service, which confirms the item was sent by certified mail and provides the same information traditionally included on the physical "green card." The Magistrate Judge's order for alternate service via "certified mail return receipt" fairly implied the need to provide the court with the green card or electronic equivalent.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Plaintiffs' Motions for Default Judgment **WITHOUT PREJUDICE** (*Nielson*, ECF No. 14, *Whipple*, ECF No. 17). Consistent with the court's orders to

show cause, the court **SETS ASIDE** the Clerk's entries of default as to both Plaintiffs. Plaintiff is not required to re-effectuate all methods of service. Plaintiffs may cure the remaining service issue by either a) providing the green card or certified mail electronic delivery confirmation of the mailings described above, or b) re-effectuating the method of alternate service of certified mail return receipt and provide the court with scans of the physical green cards or electronic return receipt. Once cured, Plaintiffs may again request entries of default and refile their motions for default judgment and hearing.

Plaintiffs are reminded that entry of default only admits well-pleaded factual allegations, not legal conclusions. "Even after default" the court must still "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 2688.1 (4th ed. 2022). "In other words, the complaint must be able to survive a Rule 12(b)(6) motion to dismiss." *Howard v. Dearborn Motors 1, LLC*, No. 17-12724, 2020 U.S. Dist. LEXIS 45175, at *9 (E.D. Mich. Mar. 16, 2020). Assuming that Plaintiffs again request and receive entries of default and move for default judgments in both cases, Plaintiffs should provide citations to

relevant authority to establish that the factual allegations in their complaints are sufficient to establish liability for each of their claimed causes of action.

**SO ORDERED**.

Date: March 18, 2025   s/F. Kay Behm
F. Kay Behm
United States District Judge